Filed 1/30/24  P. v. Cruz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081720 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE309627) |
| DAVID CRUZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Herbert J. Exarhos, Judge.  Affirmed.

David Cruz, in pro. per.; and Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2013, a jury convicted David Cruz of assault on a child with force likely to produce great bodily injury, resulting in the death of the child (Pen. Code,[1] § 273ab, subd. (a)) and murder (§ 187, subd. (a)).

---

[1]    All further statutory references are to the Penal Code.

Cruz was sentenced to an indeterminate term of 25 years to life for the assault conviction. The sentence on the second degree murder conviction was stayed under section 654.

Cruz appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Cruz* (May 20, 2015, D065008).)

In 2022, Cruz filed a petition for resentencing under section 1172.6. The court appointed counsel, received briefing, reviewed the record of conviction, and held a hearing.

The court found that Cruz had failed to state a prima facie showing for relief under section 1172.6. The court found Cruz was not eligible for relief under the statute as a matter of law.

Cruz filed a timely notice of appeal.[2]

Appellate counsel has filed a brief consistent with *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to review the record for error as we would if a brief were filed pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Cruz he could submit his own brief on appeal.

Cruz has responded with approximately 70-pages of material, the vast bulk of which does not address any issues with regard to the propriety of the order which denied his petition for resentencing. The focus of Cruz's submission is on his many claims of error in the original trial. He does acknowledge he was convicted as the actual perpetrator and that the jury was not instructed on natural and probable consequences or felony murder.

---

[2] We discussed the facts of the offense in our prior decision. We will not repeat them here.

2

Cruz does argue the trial court should not have considered the factual summary of the offense as contained in our original opinion.

## DISCUSSION

As we have noted, counsel has filed a brief pursuant to *Delgadillo* and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two issues that were considered in evaluating the potential merits of this appeal:

1. Whether the court erred in denying the petition for resentencing without first issuing an order to show cause and holding an evidentiary hearing; and

2. Whether the trial court prejudicially erred in considering the factual statement contained in our previous appeal.

We have independently reviewed the record for error consistent with *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Cruz on this appeal.

DISPOSITION

The order denying Cruz's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


BUCHANAN, J.

4